# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

No. 09-50209
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JUAN ANTONIO LUBO,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3040-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Lubo appeals the forty six month sentence imposed by the district court following his conviction for illegally reentering the United States after having been deported. The sentence was at the bottom of the Guidelines range, but Lubo argues that considering his military service, cultural assimilation, and motive for returning to the United States, his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable and the district court should have departed downward from the recommended range.

When the district court imposes a sentence within a properly calculated Guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)."[1] "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."[2]

Lubo's military service, cultural assimilation, and motive for returning were considered by the district court. Further, if the district court had concluded that application of U.S.S.G section 2L1.2 resulted in an advisory range that overstated Lubo's criminal history, it would not have been precluded from deviating from the advisory range.[3] The court did not do so, but instead chose a sentence at the bottom of the Guidelines range. Lubo has not shown the district court abused its discretion.

Lubo also argues his sentence was excessive because it failed to account for the sentence disparity between defendants like himself, who cannot avail themselves of the fast track program, and defendants in districts which have such a program. As Lubo acknowledges, his argument is foreclosed by this

---

[1] *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).

[2] *Id.*

[3] *See id.* at 339.

court's decision in *United States v. Gomez-Herrera*.[4] Absent en banc consideration or a subsequent ruling of the Supreme Court, one panel of this court may not overrule a prior panel's decision.[5]

Accordingly, the district court's ruling is AFFIRMED.

---

[4] 523 F.3d 554 (5th Cir. 2008).

[5] *See United States v. Mask*, 330 F.3d 330, 334 (5th Cir. 2003).